UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

JS-6

| Case No. | CV 15-4085 PSG (JCx) | Date | August 18, 2015 |
|---|---|---|---|
| Title | Jean Technology, Inc. v. NYDJ Apparel, LLC, *et al.* | | |

Present: The Honorable   Philip S. Gutierrez, United States District Judge

| David Gonzalez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**   Order GRANTING Motion to Remand

Before the Court is Plaintiff Jean Technology, Inc.'s ("Plaintiff") motion to remand. Dkt. # 17. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. After considering the moving, opposing, and reply papers, the Court GRANTS the motion.

I.   Background

Plaintiff brings its lawsuit against Defendants NYDJ Apparel, LLC, NYDJ Production, LLC, NYDJ Retail, LLC, Viviana Garcia, Ana Gonzales, Victoria Gutman, Patty Orellana, Rocio Ramirez, Cecilia Reyes, and Robert C. Skinner, Jr. (collectively, "Defendants"). Dkt. # 1. Plaintiff alleges that Defendants unpredictably demanded kickbacks on invoices after Plaintiff had completed its contractual duty to produce and deliver garments. *SAC* ¶¶ 33-36. The kickbacks were not agreed upon in the contract. *Id.* ¶ 37.

Plaintiff initiated this lawsuit on December 5, 203.14 in Los Angeles Superior Court and litigated it in state court until Defendants removed the case on June 1, 2015, on the basis of federal question jurisdiction. Dkt. # 1. The operative complaint, the Second Amended Complaint ("SAC"), asserts a federal RICO claim against Defendants, among other claims. *Id.* At issue in this motion to remand is whether earlier iterations of the complaint also asserted a RICO violation against Defendants.

A few days after filing the lawsuit, Plaintiff filed a First Amended Complaint ("FAC") on December 9, 2014. Dkt. # 1; *Opp.*, Ex. 1 ["FAC"]. The caption page of the FAC listed the following causes of action: (1) "BREACH OF CONTRACT"; (2) "FRAUD"; (3) "RICO (EXTORTION)"; and (4) "UNFAIR BUSINESS PRACTICES." *See FAC* at 1. These causes of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**JS-6**

| Case No. | CV 15-4085 PSG (JCx) | Date | August 18, 2015 |
|---|---|---|---|
| Title | Jean Technology, Inc. v. NYDJ Apparel, LLC, *et al.* | | |

action are also listed in a footer on each page of the FAC. *See generally id.* In the Introduction section, the FAC previews its theories of liability and specifically identifies "RICO [18 U.S.C. § 1962(c)]." *Id.* ¶ 1. In the body of the FAC, Plaintiff labels the third cause of action "EXTORTION" (rather than "RICO (EXTORTION)" as labeled on the caption page and in the footers) and alleges the following:

> In so conducting the Enterprise [¶ 7] by means of wire fraud and for the purpose of and resulting in Extortion, the Enterprise-Associated Defendants and the Individuals Defendants engaged in a pattern of racketeering activity proscribed by Title 18, United States Code § 1962(c).

*Id.* ¶ 49. This section of the FAC does not identify any statute other than the RICO statute. *Id.* ¶¶ 45-50. Lastly, in the Prayer for Relief, Plaintiff requests general and compensatory damages and "additional damages and attorney fees under 18 U.S.C. § 1962(c)" in the section pertaining the to the third cause of action. *Id.* at 10:2-5.

Defendants challenged the FAC by demurrer in state court, *see Opp.*, Ex. 2 ["Demurrer"], and the Superior Court sustained the demurrer as to all causes of action on April 27, 2015, *see Opp.*, Ex. 5 ["Demurrer Ruling"]. Plaintiff filed the SAC on May 12, 2015, asserting claims for: (1) "BREACH OF CONTRACT"; (2) "OPEN BOOK ACCOUNT"; (3) "WIRE FRAUD (RICO)"; (4) "EXTORTION (RICO)"; and (5) "UNFAIR BUSINESS PRACTICES." *SAC* at 1. Defendants removed the case on June 1, 2015. Dkt. # 1. On July 1, 2015, Plaintiff moved to remand the case. Dkt. # 18.

II.     Legal Standard

"A defendant may remove a civil action from State court to federal court if the claim could have initially been brought in the district court." *See Montes v. Homeq Servicing*, No. CV 09-5871 FMC (FFMx), 2009 WL 3172712, at *1 (C.D. Cal. Sept. 29, 2009) (citing 28 U.S.C. § 1441(a)). Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331 ("§ 1331"), or on complete diversity between the parties, *see* 28 U.S.C. § 1332. With respect to federal question jurisdiction, a defendant may only remove a complaint filed in state court when "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987); *see also Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207 (2004).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

JS-6

| Case No. | CV 15-4085 PSG (JCx) | Date | August 18, 2015 |
|---|---|---|---|
| Title | Jean Technology, Inc. v. NYDJ Apparel, LLC, *et al.* | | |

"Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedural." *See B.C. v. Blue Cross of California*, No. CV 11-8961 GAF (AJWx), 2012 WL 12782, at *2 (C.D. Cal. Jan. 3, 2012) (internal quotation omitted). A procedural provision of the removal statute requires that parties file a notice of removal within thirty days of receiving notice of the grounds for removability. 28 U.S.C. § 1446(b). Like subject matter jurisdiction itself, such "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). Because procedural defects are unrelated to a court's subject matter jurisdiction, courts can only remand for these defects upon motion by a party. *See Montes*, 2009 WL 3172712, at *2 (citing *Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1193 (9th Cir. 2003)).

III.   Discussion

A RICO claim may be brought with a predicate act based on federal law or on state law.[1] *See* 18 U.S.C. § 1961. However, this characteristic of the RICO statute does not preclude it from satisfying the requirements for federal question jurisdiction when the predicate act is based on state law. *See* 18 U.S.C. § 1964(a); *Perryman v. Litton Loan Servicing, LP*, No. 14-cv-2261-JST, 2014 WL 4954674, at *6 (N.D. Cal. Oct. 1, 2014) ("the Court has subject-matter jurisdiction over Plaintiff's RICO claims pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 1964"). The FAC asserted a RICO violation, founded on the predicate act of extortion, and whether the extortion theory sounded in state or federal law is immaterial because Plaintiff asserted violation of a federal statute. *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 807 (1986) ("Article III of the Constitution gives the federal courts power to hear cases 'arising under' federal statutes."); *cf. Sanchez v. American Brokers Conduit*, No. CV 10-1291 JHN (FMOx), 2011 WL 164634, at *3 (C.D. Cal. Jan. 14, 2011) (explaining the opposite situation "[w]here a violation of a federal statute is one of several independent allegations supporting a state law cause of action" and reasoning that, in that circumstance, the state law does not necessarily "turn on" the construction of the federal statute, as necessary for federal question jurisdiction).

---

[1] 18 U.S.C. Section 1962 (b) makes unlawful racketeering activity relating to "any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce." 18 U.S.C. § 1962 (b). Racketeering is defined as "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), which is *chargeable under State law* and punishable by imprisonment for more than one year. . . ." 18 U.S.C. § 1961 (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**JS-6**

| Case No. | CV 15-4085 PSG (JCx) | Date | August 18, 2015 |
|---|---|---|---|
| Title | Jean Technology, Inc. v. NYDJ Apparel, LLC, *et al.* | | |

The FAC was unambiguous in asserting a RICO claim, referencing RICO on the caption page, at the footer of every page, and in the Introduction, Cause of Action, and Prayer for Relief sections of the FAC. *FAC* at 1, 10:2-5, ¶¶ 1, 47. Defendants contend that because the FAC labeled the third cause of action "EXTORTION" in the body of the FAC, Plaintiff "did not delineate a distinct cause of action for RICO" in the Complaint. *See Opp.* 4:21-22. However, in light of the characterization of the cause of action as "RICO (EXTORTION)" on the caption page and the specific references to the RICO statute throughout the FAC, this argument is not tenable. Defendants also note that the state court considered the FAC unclear as to whether Plaintiff's third cause of action was for a RICO violation or for state law extortion in its demurrer ruling. *See id.* 2:11-3:16. However, review of the state court's decision reveals that it was Plaintiff's references to the California Penal Code's extortion provisions in its opposition brief (references that did not appear in the FAC) that created the ambiguity for the state court. *See Demurrer Ruling* at 9-10 ("The Opposition cites the Penal Code § 523 and also argues this is a RICO predicate act . . . Plaintiff's own opposition seems to conflate the Penal Code with the Federal RICO statute, making it completely unclear what statute forms the basis of this cause of action.").

Defendants were served with the FAC on December 9 and 10, 2014. *See Mot.* ¶¶ 3-5, Ex. 16-42. Because Plaintiff asserted a RICO claim in the FAC, Defendants had notice of removability on the basis of federal question jurisdiction in December 2014 when they were served with the FAC. *See Harris*, 425 F.3d at 694 (Section 1446(b)'s "thirty-day requirement is triggered by defendant's receipt of an 'initial pleading' that reveals a basis for removal" or from an "amended pleading . . . from which it can be ascertained from the face of the document that removal is proper.") (citing 28 U.S.C. § 1446(b)). Defendants had thirty days from the date they received the FAC to remove the case to federal court, but they did not remove on the basis of federal question jurisdiction until June 1, 2015, nearly six months after being served with the FAC. *See* Dkt. # 1. Because Defendants violated this procedural rule governing removal, the Court GRANTS Plaintiff's motion to remand the case. *See* 28 U.S.C. § 1447(c).

IV.  Conclusion

For the foregoing reasons, the Court GRANTS Plaintiff's motion to remand. This case is hereby REMANDED to Los Angeles Superior Court.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**JS-6**

| Case No. | CV 15-4085 PSG (JCx) | Date | August 18, 2015 |
|---|---|---|---|
| Title | Jean Technology, Inc. v. NYDJ Apparel, LLC, *et al.* | | |